IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| RALF OLAH )<br>)<br>**Plaintiff** )<br>) CIVIL ACTION NO.<br>v. )<br>)<br>O'REILLY AUTOMOTIVE STORES, INC. )<br>d/b/a O'REILLY AUTO PARTS )<br>)<br>**Defendant** )<br>_____ ) | |

COMPLAINT

COMES NOW Ralf Olah, by and through the undersigned, to bring this action pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, (FLSA) and avers as follows:

PARTIES

1.

Plaintiff Ralf Olah (hereinafter "Plaintiff"), is over the age of eighteen (18) and is a resident citizen of Columbus, Muscogee County, Middle District, Georgia.

2.

O'Reilly Automotive Stores, Inc., hereafter "O'Reilly" or simply "Defendant" is a body corporate citizen of the State of Missouri and is an employer within the contemplation of 29 U.S.C. § 203(d). O'Reilly may be served through

its registered agent, C T Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046.

## JURISDICTION AND VENUE

3.

The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims are based on 29 U.S.C. § 216(b).

4.

Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because O'Reilly's facility where Plaintiff works is located in this district, O'Reilly regularly conducts business in this district, O'Reilly's wage and hour plans, policies and practices have been administered in this district. O'Reilly has violated the FLSA from its location in this district, at all times relevant to this Complaint, O'Reilly, through its agents, was/is responsible for establishing and administering its wage and hour plans, policies and practices in this District at all times material to this Complaint.

## ALLEGATIONS

5.

O'Reilly Auto Parts is an American auto parts retailer that provides automotive aftermarket parts, tools, supplies, equipment, and accessories in the

United States serving both the professional service providers and do-it-yourself customers.

6.

O'Reilly operates more than 5,000 stores in 47 states.

7.

O'Reilly is and/or has been the "employer" of Plaintiff within the meaning of 29 U.S.C. § 203(d), during all times relevant to this Complaint.

8.

Plaintiff was employed by O'Reilly Auto Parts as clerk or parts manager at the following times and tenures: Beginning in 2010, after a hiatus, Plaintiff resumed employment October 6, 2013 and has been continuously employed since.

9.

O'Reilly employed Plaintiff and was responsible for establishing and administering pay policies and practices, including pay classifications and overtime pay rates, during all times relevant to this Complaint.

10.

Decisions regarding Plaintiff's compensation and other terms of employment were made through a centralized management of O'Reilly's Headquarters location in Springfield, MO.

11.

O'Reilly has had a centralized plan, policy and practice (scheme) of establishing and administering pay practices for its employees classified as Managers.

12.

At all times material to this action, Plaintiff has been an "employee" of O'Reilly as defined by Section 203(e)(l) of the FLSA and, worked for O'Reilly within the territory of the Unites States within three (3) years preceding the filing of this lawsuit.

13.

At all times material to this action, O'Reilly has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(l) of the FLSA, with annual revenue in excess of $500,000.00.

14.

At all times material to this action, O'Reilly has been subject to the pay requirements of the FLSA because it is an enterprise in interstate commerce and its employees are engaged in interstate commerce.

15.

O'Reilly's operations employ individuals classified as Parts Managers whose primary duties are non-managerial in nature and whose principal duties are to

receive goods from predetermined shipping to assemble and provide to O'Reilly's customers.

16.

Plaintiff is classified, for purposes of FLSA, as salaried-exempt and earns about $45,000 a year.

17.

That amounts to $865.38 per week or $21.63 per hour for a non-exempt 40-hour week.

18.

Plaintiff is nominally a parts manager.

19.

Plaintiff's position does not comport with the "duties test" to be exempt as a manager.

20.

Plaintiff spends nearly 90 % of his time engaged in non-exempt duties.

21.

For example, Plaintiff's duty when he reports to work is to open the safe, do deposits and release the reports.

22.

These are not managerial duties as non-exempt assistants are called upon

frequently to perform them.

23.

Plaintiff performs accounting for cash transactions and debits and credits and merchandise that needs to be sent back.  Assistant managers and retail service specialist do that, as well.

24.

Plaintiff's duties then shift to waiting on customers at the sales counter, ringing up merchandise.  This is done by everyone except delivery personnel.

25.

Plaintiff does not make inventory request decisions as shipping and reordering is a function of recorded sales.

26.

Plaintiff and the non-exempt workers perform inventory cycle counts each month.

27.

Plaintiff does cut people from payroll, but the decisions to do so come to him based on remote monitoring the production from some other location and higher management decides when Plaintiff needs to cut people, Plaintiff does not make the independent decision to do that.

28.

Plaintiff does not have authority to hire employees.

29.

Plaintiff does not have authority to terminate employees, with or without cause.

30.

Plaintiff does not have authority to discipline employees.

31.

There are almost no decisions affecting operations where Plaintiff is not subject to being overridden.

32.

At all times material hereto, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

33.

At all times material hereto, Plaintiff was not employed in a bona fide executive capacity within the meaning of 29 U.S.C. § 213 (a).

34.

At all times material hereto, Plaintiff was not employed in a bona fide administrative capacity within the meaning of 29 U.S.C. § 213 (a).

35.

At all times material hereto, Plaintiff was not employed in a bona fide professional capacity within the meaning of 29 U.S.C. § 213 (a).

36.

At all times material hereto, Plaintiff was not employed in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 U.S.C. § 213 (a).

37.

Plaintiff performs little in the way of exempt duties.

38.

Plaintiff works from 7am to 5pm Monday through Friday, but sometimes stays beyond 5 pm.

39.

That time beyond 5pm would average 2 hours total per week.

40.

Typically, Plaintiff would be unable to take lunch three days per week.

41.

Thus unpaid lunch deprivation amounted to an average of three hours per week.

42.

Thus, Plaintiff, in a normal Monday through Friday workweek would typically work 50 hours.

43.

Every other Saturday, Plaintiff is required to work from 7am-5pm.

44.

Thus, in one-half of the weeks each year Plaintiff is required to work 50 hours.

45.

Plaintiff is required to work 4 hours on Sundays an average of once per month.

46.

Plaintiff's worked time could be apportioned as follows:

a. 26 weeks at 50 hours per week.

b. 26 weeks as follows:

  1. 14 weeks at 60 hours per week;

  2. 12 weeks at 64 hours per week

c. This is 828 hours per year beyond 40 hours per week.

d. For a period of 3 years, that is 2484 hours.

47.

Because Plaintiff has been misclassified as management-exempt, Plaintiff should have been paid overtime at a rate of one and a half times his hourly rate for all hours in excess of 40 worked each week.

48.

Because Plaintiff's hourly rate was $21.63 per hour then his wage rate for those 2484 hours should have been $32.45 per hour.

49.

Defendant is therefore liable over to Plaintiff for $80,593.38 in unpaid overtime compensation.

50.

Defendant was at all times aware of the duties imposed upon Plaintiff and therefore knew Plaintiff did not manage, spent in excess of 90% of his work time in the performance of non-exempt duties, but nevertheless failed and refused to pay Plaintiff overtime.

51.

Because of its willful misconduct, Defendant is additionally liable to Plaintiff for liquidated damages of $80,593.38 pursuant to 29 U.S.C. § 216(b) together with costs and reasonable attorney's fees.

52.

Moreover, Defendant may not avail itself to the 29 U.S.C. § 207(i) retail exemption because less than one-half of Plaintiff's total compensation is commissions.

Wherefore, Plaintiff respectfully prays as follows:

a. That summons issue and Defendant be served as by law provided;

b. That Plaintiff have and recover of Defendant judgment for $80,593.38 as unpaid overtime compensation;

c. That Plaintiff be awarded $80,593.38 as liquidated damages;

d. That Plaintiff be awarded a reasonable attorney's fee for representation in this matter;

e. That all costs of this action be taxed to Defendant;

f. For such other and further relief as to which Plaintiff may show himself entitled.

This 31st day of May, 2018

*/s/ John W. Roper*
John W. Roper
Georgia Bar No: 614159

The Roper Law Firm
233 12th Street, Suite 602
Columbus, Georgia 31901
(706) 596-5353
Fax: (706) 596-5383
johnroper@roperlaw.com