# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| RALF OLAH,<br><br>                        Plaintiff,<br>v.<br><br>O'REILLY AUTOMOTIVE STORES, INC.<br>d/b/a O'REILLY AUTO PARTS,<br><br>                        Defendant. | CIVIL ACTION FILE<br>NO. 4:18-cv-00111-CDL |

## **AGREED PROTECTIVE ORDER**

WHEREAS, the parties are engaged in discovery which involves, among other things, the production of information by the parties which one or both parties deem confidential, including personal, proprietary or commercial information, the parties have agreed to provide confidential information subject to the protective provisions below.

## DEFINITIONS

A. <u>Confidential Information</u>: "Confidential Information" includes, but is not limited to: medical information regarding a party or non-party; non-public commercial or business information or documents, including company policies, practices, and procedures; financial and sales information; Social Security numbers;

1

tax identification numbers; bank or financial institution account numbers; certain information contained in employment files of a party or non-party; and any information designated to be Confidential by a party which is produced solely for the purposes of this litigation, whether it is revealed in a document, deposition, interrogatory response or otherwise.  In the event that a disagreement arises with respect to the designation of certain information as Confidential, the parties will attempt to resolve the dispute before presenting it to the Court.  The non-designating party may then, however, challenge the designation by way of conference or application to the Court.

B. <u>Document</u> means any written or graphic matter, no matter how produced, recorded, stored or reproduced and includes, without limitation, deposition transcripts, exhibits thereto, responses to discovery demands, tape recordings and electronically stored data.

C. <u>Qualified Persons</u> means (i) the party and the party's counsel, including such counsel's associate attorneys assisting in this action; (ii) any litigation assistant, paralegal, stenographic, secretarial or clerical personnel assisting such counsel in this action; (iii) persons retained by or on behalf of the party in this action solely to assist in the preparation of this case for trial; (iv) any assistant, stenographic, secretarial or clerical personnel employed by an expert or assisting such expert in

the preparation of this case for trial; (v) the Court and any court reporter or typist transcribing testimony; and (vi) any other persons agreed to in writing by the parties.

TERMS AND CONDITIONS REGARDING PRODUCTION, ACCEPTANCE AND DISSEMINATION OF CONFIDENTIAL INFORMATION

1. Only Qualified Persons may have access to Confidential Information.

2. Qualified Persons shall use Confidential Information solely for the purposes of this action and shall not disclose any Confidential Information to anyone other than a Qualified Person who has complied with the requirements of Paragraph 3 below.

3. Prior to the receipt of Confidential Information, all Qualified Persons, except those identified in Paragraph C (i), (ii), and (v), shall have read this Order and agree to be bound by its terms, and acknowledge that Confidential Information is to be used solely for the purposes of this action and must not be disclosed except as provided this Order. All Qualified Persons further agree to not make any copies of the Confidential Information and keep any Confidential Information in their personal custody until they have completed their assigned duties regarding such information. As soon as such duties are completed, Qualified Persons shall return the Confidential Information to the party's counsel who provided it. Qualified Persons acknowledge that that violation of the terms of this Order may be regarded as contempt of court.

4. If a party intends to file with the Court or offer in evidence at trial or in any other proceedings in open court any document(s) containing Confidential Information, the party shall do so in accordance with the following procedure:

ADDED BY THE COURT:

If a party seeks to file or admit any evidence covered by this protective order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial. The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file a motion to allow the materials to be filed under seal, which shall state a compelling reason in support of that motion. The Court will closely scrutinize any such requests at that time, with the presumption that any evidence relied upon in a filed motion or in opposition to any such motion or to be used in a hearing or trial shall be a public record. Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials under seal just because they are covered by this discovery protective order.

5. Any documents (including briefs), tangible things or information designated as Confidential that are submitted to the Court in support of or in

opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court in accordance with the Local Rules of the Middle District of Georgia. Specifically, if a party seeks to use information designated as confidential under this protective order in filings before the Court, it is the burden of the designating party to show "good cause" to the Court why the confidential information should be filed under seal.

6. All Confidential Information, including any copies thereof and any notices or other records regarding such information, shall be permanently maintained within the exclusive custody and control of the counsel for the party receiving such information. However, Confidential Information may be temporarily removed from said custody and control in order to permit Qualified Persons to utilize it in any depositions or Court proceedings in this action.

7. Within sixty (60) days of the termination of this action, each party shall, upon the request of the opposite party, return or destroy all documents containing Confidential Information received from the party to that party, including all copies of such documents which may have been made, but not including any notices or other attorney work product that may have been placed thereon by counsel. The party receiving back such Confidential Information shall acknowledge the receipt of such documents in writing; if documents are destroyed, the party destroying the

documents shall certify that all such documents have been destroyed pursuant to the provisions of this Order. Any copies of Confidential Information claimed by an attorney to contain attorney work product shall be destroyed by the counsel asserting the privilege within sixty (60) days of the termination of this action.

8. Because the parties to this case or third parties may be required to produce documents, answer interrogatories, and provide testimony and other information that may contain information covered by the attorney-client privilege or work product doctrine, and in order to permit discovery to proceed without delay and avoid possible disputes regarding the privileged or protected nature of such information, the Court enters this "Clawback" Provision to expedite and facilitate the production of electronic and hard copy data, information and documents, and to protect against inadvertent disclosure of attorney-client privileged communications or work product materials. The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including but not limited to information or documents that may be considered Confidential Information under this Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a

later date. Any party receiving such information or document(s) shall return it upon request from the producing party. Upon receiving such a request as to specific information or documents, the recipient party shall return the information or documents to the producing party within five (5) business days, regardless of whether the recipient party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or documents by the other party prior to such later designation shall not be deemed a violation of the provisions of this Order.

9. Nothing in this Order will prejudice either party from seeking amendments thereto, or from seeking any further order from the Court to protect information such party deems appropriate for such other relief as may be necessary.

The Court hereby enters and approves the parties' Agreed Protective Order as the Order of this Court.

**SO ORDERED,** this 30th day of _January , 2019.

S/Clay D. Land
Clay D. Land
CHIEF UNITED STATES DISTRICT JUDGE