# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| RALF OLAH,<br><br>                Plaintiff,<br><br>v.<br><br>O'REILLY AUTOMOTIVE STORES, INC.<br>d/b/a O'REILLY AUTO PARTS,<br><br>                Defendant. | CIVIL ACTION FILE NO.<br><br>4:18-cv-00111-CDL |

## ORDER APPROVING SETTLEMENT AGREEMENT

This matter came before the Court upon a Joint Motion for Approval of Settlement Agreement ("Joint Motion") submitted by Ralf Olah ("Olah" or "Plaintiff") and O'Reilly Automotive Stores, Inc. d/b/a O'Reilly Auto Parts ("O'Reilly" or "Defendant") (collectively, the "Parties"). Upon consideration of the Joint Motion and the Court's review of the Parties' Settlement Agreement and General Release (the "Settlement Agreement"), the Court finds as follows:

Olah filed a Complaint in this Court against O'Reilly on May 31, 2018. Olah, a former O'Reilly Store Manager, alleges O'Reilly misclassified him as exempt and failed to pay him overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. O'Reilly denies it misclassified Olah and denies Olah is entitled to any overtime or other damages arising out of his Complaint allegations. The Parties, therefore, have a *bona fide* dispute over the existence and extent of O'Reilly's FLSA liability.

During this case, the Parties engaged in formal discovery, conducted a deposition, and submitted and responded to a motion for summary judgment. The information the Parties'

gathered and reviewed over the course of this litigation enabled them to assess the potential risks of litigating the matter further. Thus, rather than risk the substantial uncertainties of trial, the Parties – at all times represented by experienced counsel who frequently litigate FLSA claims – entered into settlement negotiations, which included mediation with a mediator highly-recognized and experienced in wage-and-hour cases. The Parties reached what they believe to be a reasonable compromise of their disputed issues and claims and executed the Settlement Agreement on January 24, 2020. The Parties agree that the terms and conditions of settlement set forth in the Settlement Agreement are fair, reasonable, and in the best interests of the Parties.

In relevant part, the Settlement Agreement provides for payment for the gross sum of $37,000.00 within two weeks of court approval of this order, which falls within Olah's range of possible recovery in this case, apportioned as follows: one payment to Olah in the gross amount of $10,000.00 for alleged unpaid wages, less applicable withholdings; a second payment to Olah in the gross amount of $10,000.00 for alleged liquidated damages; and one payment to "The Roper Law Firm" in the gross amount of $17,000.00 for attorneys' fees and expenses. The Settlement Agreement also includes (1) a No-Admissions clause; (2) a release of all Olah's claims against O'Reilly, except those claims that cannot be released under applicable law; and (3) a Confidentiality clause.

The Court finds that the provisions in the Settlement Agreement and the totality of the circumstances surrounding its negotiation reflect a "fair and reasonable" resolution of a *bona fide* dispute between the Parties. Accordingly, it is ORDERED that, upon entry of this Order, the Parties will file a stipulation to dismiss this action in its entirety, with prejudice. It is further ORDERED that O'Reilly will provide Olah the amounts set forth in the Settlement Agreement within ten (10) days following dismissal of this action.

SO ORDERED, this 5th day of February, 2020.

                                                s/Clay D. Land
                                                The Honorable Clay D. Land
                                                Chief United States District Judge
                                                U.S. District Court, Middle District of Georgia